[Doc. No. 5]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JANE DOE,

           Plaintiff,              Civil No. 14-42 (JHR/AMD)

     v.

RONALD OSHRIN,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Plaintiff Jane Doe's motion to proceed in this litigation by pseudonym. Plaintiff, an alleged victim of child pornography, seeks to pursue anonymously her federal and state tort law claims against Defendant. Defendant does not object to Plaintiff using a pseudonym in publicly available documents and/or oral communications.[1] The Court finds that Plaintiff meets the strong burden necessary to proceed in this action by pseudonym. Consequently, for the reasons that follow, the Court grants Plaintiff's motion.

---

[1] Though the pending motion does not expressly seek to withhold Plaintiff's identity from Defendant, Defendant asserts that Plaintiff initially declined to provide Plaintiff's full name to counsel for Defendant. (See Letter from Judson L. Hand [Doc. No. 12], 1.) Plaintiff has since that time, however, agreed to disclose Plaintiff's "full and complete name and address" to a limited group of individuals in accordance with the parties' discovery confidentiality order. (Discovery Confidentiality Order [Doc. No. 24], ¶ 4.)

In this civil suit, Plaintiff specifically seeks to recover monetary damages for the "severe anxiety, mental anguish, embarrassment, and stress" sustained as a result of Defendant Ronald Oshrin's recordation and distribution of pornographic images of Plaintiff (id. at ¶¶ 38-53), and for Defendant's invasion into Plaintiff's privacy. (Id. at ¶¶ 54-65.) Plaintiff asserts that Defendant has been convicted of violations of the Child Protection and Obscenity Act, 18 U.S.C. §§ 2255(a), 2252A(a)(5)(B), and is presently incarcerated in connection with that conviction. Consequently, Plaintiff seeks civil damages pursuant to 18 U.S.C. § 2255(a)[2], 18 U.S.C. § 2252A(f),[3] and state tort law. (Id. at ¶¶ 38-65.)

In the pending motion, Plaintiff specifically asserts that Defendant surreptitiously "produced" pornographic "video recordings and individual still photographs" of Plaintiff "disrobing, using the shower, or using the toilet." (Brief in Support of Motion to Proceed by Pseudonym (hereinafter, "Pl.'s

---

[2] 18 U.S.C. § 2255(a) specifically provides in relevant part that a victim of child pornography "may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 2255(a). 18 U.S.C. § 2255(a further presumes damages for "victims of" child pornography "of no less than $150,000 in value." 18 U.S.C. § 2255(a).

[3] 18 U.S.C. § 2252A(f) specifically provides in relevant part that a victim of child pornography "may commence a civil action" for relief, including: "(A) temporary, preliminary, or permanent injunctive relief; (B) compensatory and punitive damages; and (C) the costs of the civil action and reasonable fees for attorneys and expert witnesses." 18 U.S.C. § 2252A(f)(1)-(2).

Br.") [Doc. No. 5-1], 1.) Plaintiff asserts that Defendant subsequently disseminated, "intentionally" distributed, and "widely circulated" those images "over the Internet." (Id. at 1.) Plaintiff asserts that she has involuntarily become a "public spectacle of highly personal matters," and that disclosure of her identity "would exacerbate the pain and embarrassment" that Plaintiff has suffered and will continue to suffer as certain individuals continue to "download, collect and trade [Plaintiff's] images." (Id. at 1, 8.) Plaintiff therefore asserts that her identity, if revealed in this litigation, would "be spread among pedophiles and child molesters" who would conceivably attempt to locate, stalk, and/or revictimize Plaintiff. (Id. at 4-5.) Accordingly, Plaintiff requests permission to proceed in this matter by pseudonym in order to protect her "true identity" from further exploitation and retaliation. (Id. at 6-7; see also Complaint [Doc. No. 1], ¶¶ 11-15.)

In order to preserve the presumptively public nature of judicial proceedings, Federal Rule of Civil Procedure 10(a) generally "requires parties to a lawsuit to [expressly] identify themselves in their respective pleadings." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (citing FED. R. CIV. P. 10(a)), cert. denied, 132 S.Ct. 1543 (2012). The "public nature of lawsuits" and the "public interest inherent" in the proceedings render

3

"open and transparent proceedings imperative to equitable outcomes." Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 505 (M.D. Pa. 2007), aff'd in part, vacated in part by, 724 F.3d 297 (3d Cir. 2013). Notwithstanding this requirement, courts have recognized that a party may, under limited circumstances, proceed by way of pseudonym, particularly where disclosure of the litigant's identity creates a risk of "extreme distress or danger[.]" Id. Proceeding by pseudonym, however, constitutes the "'unusual'" exception to the presumptive openness of judicial proceedings. Marcano v. Lombardi, No. 02-2666, 2005 WL 3500063, at *3 (D.N.J. Dec. 20, 2005) (noting that proceeding by pseudonym is "by all accounts, an 'unusual procedure.'") (citation omitted).

Therefore, because "use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings[,]'" the mere allegation that a litigant may suffer embarrassment and/or economic harm fails to suffice. Megless, 654 F.3d at 408 (citation omitted); see also Amaya v. State of N.J., No. 10-0915, 2010 WL 4062422, at *5 (D.N.J. Oct. 15, 2010) (noting the "presumption that parties' identities [constitutes] public information"). Rather, a plaintiff must establish "'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" Megless, 654 F.3d at 408 (citation omitted). Courts must then determine whether the "litigant's reasonable

4

fear of severe harm outweighs the public's interest in open judicial proceedings." Id. In connection with this inquiry, the Third Circuit has endorsed a list of non-exhaustive factors which either favor "anonymity" or adherence to "the traditional rule of openness." Id. at 409 (citing Doe v. Provident Life & Acc. Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997)). Specifically, the factors favoring anonymity include:

1.  [T]he extent to which the identity of the litigant has been kept confidential;
2.  [T]he bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
3.  [T]he magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
4.  [W]hether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
5.  [T]he undesirability of an outcome adverse to the pseudonymous party and attributable to [the party's] refusal to pursue the case at the price of being publicly identified; and
6.  [W]hether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Id. at 409 (citation omitted). The factors militating against anonymity include:

1.  [T]he universal level of public interest in access to the identities of litigants;
2.  [W]hether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and

> 3.   [W]hether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id. (citation omitted). The decision to allow a plaintiff to proceed anonymously rests within the sound discretion of the court. See Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 548 (D.N.J. 2006) ("It is within a district court's discretion to determine when a party may proceed anonymously.").

Here, the Court finds that Plaintiff's proffer in the pending motion and the allegations set forth in Plaintiff's complaint clearly support Plaintiff's request to proceed anonymously. (See generally Complaint [Doc. No. 1]; Pl.'s Br. [Doc. No. 5-1].) Under the first factor, the Court addresses the extent to which Plaintiff has maintained the confidentiality of Plaintiff's identity. See Megless, 654 F.3d at 409 (citation omitted). The Court finds that Plaintiff has made significant efforts to maintain the confidentiality of her identity. Plaintiff's identity is not disclosed in any of the pleadings, motions, and/or exhibits in this action. (See, e.g., Complaint [Doc. No. 1]; Notice of Application for Admission Pro Hac Vice of Robert Y. Lewis [Doc. No. 3]; Notice of Application for Admission Pro Hac Vice of James R. Marsh [Doc. No. 4]; Notice of Motion to Proceed by Pseudonym [Doc. No. 5].) In addition, Plaintiff asserts that her identity was "kept confidential throughout the criminal proceedings." (Complaint [Doc. No. 1], ¶

15.) The Court therefore concludes that the first factor favors anonymity. See Doe v. Evans, 202 F.R.D. 173, 176 (granting plaintiff permission to proceed anonymously in light of the fact that "plaintiff ha[d] taken steps to keep [plaintiff's] identity confidential").

The second factor considers the substantiality of the litigant's fear of public disclosure. See Megless, 654 F.3d at 409 (citation omitted). Here, the Court finds that Plaintiff's proffer demonstrates substantial grounds for Plaintiff's fear of public disclosure. Plaintiff asserts that disclosure of her identity "would exacerbate the pain and embarrassment that Jane Doe suffers and will suffer for the rest of her life." (Pl.'s Br. [Doc. No. 5-1], 8.) Plaintiff also asserts that Plaintiff "will continue to be violated far into the future as successive generations of child molesters and pedophiles download, collect and trade Jane Doe's images." (Id.) The Court finds that Plaintiff has set forth substantial grounds to support Plaintiff's fear of public disclosure, particularly in light of the risk that public disclosure of Plaintiff's identity would potentially identify her as the party depicted in the highly-sensitive "video recordings and individual still photographs" at issue in this litigation. (Pl.'s Br. [Doc. No. 5-1], 1.) The Court therefore concludes that the second factor favors anonymity. See Evans 202 F.R.D. at 176 (finding plaintiff's

"fear of [heightened] embarrassment, humiliation, and emotional distress" in the event of public disclosure "well-founded").

With respect to the third factor, the Court considers the magnitude of the public interest favoring the confidentiality of Plaintiff's identity. See Megless, 654 F.3d at 409 (citation omitted). Here, the Court finds a strong public interest in maintaining the confidentiality of Plaintiff's identity, particularly in light of the highly sensitive and personal nature of Plaintiff's allegations. See id.; see also Doe v. Clazmer, No. 10-0992, 2011 WL 5040604, at *2 (E.D. Wis. Oct. 21, 2011) (finding that the "highly sensitive, personal nature of the alleged harm—the distribution of child pornography involving the plaintiff" outweighed "the public interest in requiring plaintiff to disclose his identity"). The Court concludes that this factor favors anonymity. Evans, 202 F.R.D. at 176 (finding that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights").

With respect to the fourth factor, the Court examines the public interest, if any, in ascertaining Plaintiff's identity. See Megless, 654 F.3d at 409 (citation omitted). The Court does not find a public interest in ascertaining Plaintiff's actual identity. The allegations set forth in Plaintiff's complaint require the Court to resolve primarily

8

legal issues, and then to address whether, and to what extent, Plaintiff suffered specific damages. Plaintiff is a private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest. Moreover, even if Plaintiff's actual identity remains confidential, these proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation. See Provident Life, 176 F.R.D. at 468 (noting that the "use of a pseudonym [would] not interfere with the public's right or ability to follow the proceedings[,]" in light of the fact that "the proceedings" remained "open to the public" despite plaintiff's anonymity); Evans, 202 F.R.D. at 176 (finding that, "although the public certainly" possessed an interest in the issues presented in plaintiff's complaint, "protecting [plaintiff's] identity [would] not impede the public's ability to follow the proceedings"). The Court therefore concludes that the fourth factor favors anonymity.

    With respect to the fifth factor, the Court considers the "undesirability of an outcome adverse to the pseudonymous party and attributable to [the party's] refusal to pursue the case at the price of being publicly identified[.]" Megless, 654 F.3d at 409 (citation omitted). Here, Plaintiff has not expressed an intention to discontinue this action if required to disclose her identity. Rather, Plaintiff asserts that public

9

disclosure would result in continued embarrassment, stigmatization, and victimization by the individuals who download, collect, and trade Plaintiff's images. (Pl.'s Br. [Doc. No. 5-1], 4, 8.) However, in light of this proffer, the Court finds that denying Plaintiff's motion may inhibit Plaintiff's willingness to pursue her claims. See Hartford Life, 237 F.R.D. at 550 (finding it possible that public disclosure of plaintiff's identity might result in plaintiff's refusal to "pursue his claim due to the stigmatization that may result in his community and to his professional career"). The Court therefore concludes that the fifth factor favors anonymity.

        The Court next considers whether there is an improper motive concerning the request to proceed by way of pseudonym. See Megless, 654 F.3d at 409 (citation omitted). Here, Plaintiff seeks to protect her own privacy interests in the highly sensitive subject matter giving rise to this litigation and the Court does not find that the motion is motivated by an improper purpose. See Hartford Life, 237 F.R.D. at 550-51 (finding an intention to "protect [plaintiff's] reputation[,]" rather than an "illegal or ulterior motive[]" motivated plaintiff's request to proceed anonymously). The Court therefore concludes that the sixth factor also favors anonymity.

        The Court further finds that the factors that militate against anonymity do not in this case support denial of the

motion.   The "universal level of public interest in access to the identities of litigants" does not without more weigh against anonymity. <u>Megless</u>, 654 F.3d at 409 (citation omitted). The remaining considerations concerning whether the litigant's status as a public figure heightens the public's interest or whether the opposition to proceeding by pseudonym is illegitimately motivated also merit little discussion. <u>See</u> <u>id.</u> Plaintiff is not a public figure, nor does the subject matter of this litigation appear to give rise to public interest greater than that "normally obtained[.]" <u>Id.</u> (citation omitted). Moreover, counsel for Defendant does not oppose the pending motion. <u>See</u> <u>id.</u> (<u>See</u> <u>also</u> Letter from Judson L. Hand [Doc. No. 12], 1.)

As noted by the Third Circuit, the factors applicable to the pending motion constitute a "non-exhaustive" inquiry which guide courts in resolving motions to proceed by pseudonym. <u>Megless</u>, 654 F.3d at 409. Here, the Court concludes that the circumstances proffered in Plaintiff's motion favor permission to proceed by pseudonym, particularly in light of the highly sensitive, personal nature of the alleged harm, the public interest in maintaining the confidentiality of Plaintiff's identity in light of this sensitive subject matter, and the risk of continued and/or future harm in the event that Plaintiff's identity is publicly disclosed. <u>See</u> <u>Clazmer</u>, 2011 WL 5040604, at

11

*2 (finding that the "highly sensitive, personal nature of the alleged harm—the distribution of child pornography involving the plaintiff—" outweighed "the public interest in requiring plaintiff to disclose his identity"). These considerations collectively demonstrate a reasonable fear of severe harm sufficient to outweigh the public's interest in open judicial proceedings. See Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 371 n.2 (3d Cir. 2008) (noting that, "the decision [of] whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court"); Freedom from Religion Found., Inc. v. Connellsville Area Sch. Dist., No. 12-1406, 2013 WL 2296075, at *3 (W.D. Pa. May 24, 2013) (granting plaintiff's motion to proceed by pseudonym). Consequently, the Court having decided this matter pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth herein, and for good cause shown,

IT IS on this 28th day of May 2014,

**ORDERED** that Plaintiff's motion to proceed by pseudonym [Doc. No. 5] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiff will be referred to as "Jane Doe" in all depositions, pleadings, and other documents concerning this litigation, and that Plaintiff shall be

permitted to endorse documents concerning this litigation under the pseudonym "Jane Doe[;]" and it is further

**ORDERED** that all counsel, witnesses, and court personnel shall refer to Plaintiff by her pseudonym "Jane Doe" in all proceedings conducted before the Court.


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Joseph H. Rodriguez

13